UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| RALPH W. HUGHES and DOYLE CRAGER, | : : : |
| PLAINTIFFS, | : CIVIL ACTION NO. 2:09-CV-1718 |
| VERSUS | : : JUDGE MINALDI |
| TRUNKLINE LNG COMPANY, LLC, | : MAGISTRATE JUDGE KAY |
| DEFENDANT. | : : |

## STIPULATED PROTECTIVE ORDER

This is a ruling upon the joint motion by Plaintiffs Ralph W. Hughes and Doyle Crager ("Plaintiffs") and Defendant Trunkline LNG Company, LLC ("Defendant") (together, the "Parties") that the Court enter a Protective Order, pursuant to Fed.R.Civ.P. 26(c), to protect against the disclosure and/or improper use of certain highly confidential and/or proprietary business information, which may be produced by the Parties in the above-captioned action (the "Litigation").

The Court finds that the Parties have shown good cause for the issuance of this Protective Order because public dissemination of confidential and proprietary information may result in harm to the Parties and third parties (e.g., employees). For good cause shown, it is hereby **Ordered**:

1. All documents and information designated "Confidential" (as defined in Paragraph 2 below) produced by a Party or third party (the "Producing Party") in the Litigation shall be used by the Party receiving it (the "Receiving Party") solely for the purposes of preparing for and prosecuting or defending against the Litigation and shall not be used for any business, commercial, competitive or any other purpose whatsoever.

2. "Confidential" documents or information as used in this Order shall refer to documents, electronically stored information, portions of deposition transcripts, interrogatory answers, responses to requests for admission, and any other discovery materials that any Party or third party designates in good faith as Confidential on the basis that it contains or discloses confidential and/or proprietary commercial, financial or personal information. Any documents or information designated Confidential shall be deemed as such, unless and until counsel for the Producing Party and Receiving Party stipulate in writing that such specifically identified Confidential material may be declassified or unless the Court so rules. This Paragraph 2 shall be interpreted to be consistent with the procedures set forth in Paragraph 7 below governing objections to designations of confidentiality.

3. Any document or information designated Confidential shall be so designated by the Producing Party by stamping same with the legend "Confidential" (or language substantially similar thereto), as the case may be, and/or by notifying the Receiving Party in writing at the time of its production. The designation of deposition testimony as Confidential shall be made either (i) at the time of the giving of the testimony, in which case the reporter shall mark the face of the transcript accordingly, or (ii) within fifteen (15) business days after receipt of the transcript of the deposition. Testimony quoting in whole or substantial part from any document marked Confidential or disclosing its contents or substance in whole or substantial part shall be deemed to be Confidential if so designated on the record by counsel. A Receiving Party may designate as Confidential, by setting forth such designation in writing to the Producing Party and any other Receiving Parties, any discovery materials not designated by a Producing Party on the basis that such material contains or discloses confidential or proprietary information of such Receiving Party.

4. Documents or information designated Confidential pursuant to this Order shall be maintained in confidence and shall not be disclosed or made available to any person other than:

(a) Parties to the Litigation;

(b) counsel of record for Parties to the Litigation, in-house counsel for Parties and for their parents, subsidiaries or affiliates, and attorneys, clerical, paralegal and other staff employed by such counsel who are assisting in the conduct of the Litigation and for no other purposes;

(c) any person who was involved in the preparation of the document or information;

(d) such officers, directors, employees, agents, expert witnesses or consultants of Parties, or their parents, subsidiaries or affiliates, as counsel, in good faith, requires to provide assistance in the conduct of the Litigation:

(e) deposition witnesses, trial witnesses and jurors; or

(f) the Court, or to Court personnel and court reporters employed in connection with the Litigation.

5. Any expert witnesses or consultants who are engaged pursuant to Paragraph 4(d) or persons identified in Paragraph 4(c) above shall be required to review a copy of this Order and shall sign an undertaking that such person agrees to be bound by its terms, in the form annexed hereto as Exhibit A. Counsel for Plaintiffs and Defendant shall maintain a list of all such persons, along with the written agreement of each person.

6. Nothing contained in this Order shall prevent any Producing Party from disclosing its own Confidential documents or information as it deems appropriate.

7. Nothing in this Order shall preclude any Party from challenging a designation of Confidential. A Party may object to the designation of a document or information as

Confidential, or the failure of a Producing Party to designate a document or information as Confidential by notifying counsel for the designating Party in writing at any time during the Litigation. Documents or information that a Receiving Party claims should have been designated Confidential shall be treated as if they had been designated as such upon receipt by counsel for the Producing Party of a written objection from the Receiving Party. If counsel cannot first resolve any such disputes in good faith on an informal basis, any Party may seek appropriate relief from the Court. As provided in Paragraph 2 above, documents and information designated Confidential shall continue to be treated as such until a contrary determination is made by written agreement of counsel or by order of the Court.

8. At the conclusion of the Litigation, all Confidential documents produced in the Litigation and all copies of same, and all documents or portions thereof containing information derived from Confidential documents produced and all copies of same, shall be either (i) promptly returned by the Receiving Party, or (ii) destroyed, and counsel of record shall certify in writing within thirty (30) calendar days of the final termination of the Litigation that such material has been returned and/or destroyed, as the case may be.

9. Counsel may retain their work product and all briefs, pleadings, or other filings with the Court which incorporate or disclose Confidential material, but these materials shall remain subject to the terms and conditions of this Order.

10. Nothing in this Order shall require disclosure of any material that counsel contends is protected from disclosure by the attorney-client privilege, work-product doctrine immunity or any other legally recognized privilege. The inadvertent production of any document or information during discovery in the Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work-product doctrine or any

other legally recognized privilege, and the Producing Party shall not be held to have waived any rights by such inadvertent production. Upon written request by the inadvertently Producing Party, the Receiving Party shall (i) return the original and all copies of such documents or information and (ii) shall not use any information derived from such materials for any purpose unless allowed by order of the Court.

11. Nothing contained in this Order shall be construed to limit any Party from opposing discovery on any ground that would otherwise be available. Any Party may request the Court, after notice to the other Party, to modify or grant relief from any provision of this Order. This Order shall not limit any Party's right to seek further and additional protection against, or limitation upon, production or dissemination of information and documents or their contents. All documents designated as Confidential, including portions of materials so designated, attached, offered into evidence or quoted in whole or substantial part in connection any motion, hearing or trial shall at the instance of the Party or third party making such designation, be filed under seal, submitted to the Court for <u>in camera</u> inspection, or submitted to the Court in such other manner as the Producing Party and Receiving Parties may mutually agree or as directed by the Court.

12. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the Party that has designated the information as Confidential consents to such disclosure in writing, or if the Court orders such disclosure.

13. The Parties reserve any and all rights and defenses with respect to the manner in which Court proceedings in the Litigation shall be conducted.

14. This Order, insofar as it restricts the communication or use of Confidential documents and information, shall survive and remain in full force and effect after the termination of the Litigation.

**IT IS SO ORDERED.**

Dated: May 18, 2010

_____
United States Magistrate Judge

## EXHIBIT A

## DECLARATION

I acknowledge that I have read the Protective Order, dated _____, 2010, in the case of *Ralph W. Hughes and Doyle Crager v. Trunkline LNG Company, LLC,* No. 2:09-CV-1718.  I understand the terms of the Order and agree to be bound by its terms and conditions.

Dated:_____

_____
(Signature)

Signatory's Name and Residence Address:

_____

_____

Signatory's Business Address:

_____

_____